UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

JAMES W. HAWKINS,

       Debtor/Appellant

       -against-

PAUL A. LEVINE, CHAPTER 11 TRUSTEE,

       Appellee.

Dist. Ct. Civil Actions
6:08-cv-535 (LEK)
6:08-cv-784 (LEK)

In re:
  Reserve Capital Corp.                           Bankr. Case No. 03-60071
  Hawkins Development LLC                  Bankr. Case No. 03-60072
  James W. & Lori Jo Hawkins             Bankr. Case No. 03-60073
  Hawkins Family, LLC                          Bankr. Case No. 03-60074
  Hawkins Manufactured Housing, Inc.     Bankr. Case No. 03-60075
  Forest View, LLC                             Bankr. Case No. 03-60076
  Wooded Estates, LLC                         Bankr. Case No. 03-60077
  Tioga Park, LLC                               Bankr. Case No. 03-60078

       Debtors.

**DECISION AND ORDER**

Debtor/Appellant James Hawkins, appearing *pro se,* appeals: (1) the April 29, 2008 Order of the Bankruptcy Court denying Appellant's motion to hold the Trustee in contempt of the Bankruptcy Court's order of confirmation of the plan of reorganization; and (2) the July 8, 2008 Order of the Bankruptcy Court approving the trustee's application for an order approving the sale of 17 McCoy Rd., Town of Colesville, Broome County, New York and granting a compromise to give the proceeds of the sale to Asolare II, LLC.

This matter arises out of the Trustee's sale of Appellant's home. Appellant contends that

the actions of the Trustee in seeking approval for selling and in ultimately selling the home were fraudulent.  The basis for this is claim is that the Trustee did not disclose until the last minute that the secured creditor, Asolare II, which was to receive the proceeds from the sale of the property, was paying the Trustee's attorneys' fees incurred in connection with the sale of the home.  Appellant further contends that the application to seek approval of the sale violated the Bankruptcy Court's order confirming the plan of reorganization.

Appellee, the Trustee, opposes the Motion on the ground that the issues are moot because the transaction was already consummated in good faith and, thus, cannot be reversed.  Appellee further claims that his actions concerning the sale of the home were fully disclosed and authorized by the Bankruptcy Code.

The Bankruptcy Code precludes the "reversal or modification on appeal of an authorization . . . of a sale . . . of property . . . to an entity that purchased . . . such property in good faith . . . unless such authorization and such sale . . . were stayed pending appeal."  11 U.S.C. § 363(m).  This language "precludes this Court from reviewing issues, other than the good faith of the purchaser . . . even when an appellant's challenge might raise other meritorious arguments."  In re Colony Hill Assocs., 111 F.3d 269, 272 (2d Cir. 1997) (internal citations, quotations, and alterations omitted).  Here, Appellant makes no claim that the purchasers of the real estate did not act in good faith.[1]  Further, there was no stay of the underlying order approving

---

[1] Appellant contends that the Trustee improperly acted for the benefit of the secured creditor.  The good faith inquiry, however, looks to the equity of the purchaser's conduct; not that of the Trustee or the secured creditor.  In re Colony Hill Assocs., 111 F.3d at 276.

the sale.  Accordingly, the sale of the property may not be reversed through these appeals.  11 U.S.C. § 363(m); United States v. Salerno, 932 F.2d 117, 123 (2d Cir. 1991).

Moreover, the Court sees no error in the Bankruptcy Court's order denying the motion to hold the Trustee in contempt.  The record reveals that the Trustee's actions were taken with the approval of the Bankruptcy Court and only after he disclosed the nature of the underlying transactions, including the payment of attorneys' fees.[2]  Accordingly, the instant appeals are without basis and must be dismissed.  In re Gucci, 126 F.3d 380, 389 (2d Cir. 1997).

Accordingly, it is hereby

**ORDERED**, that the above-captioned appeals, Case Nos. 6:08-cv-535 and 6:08-cv-784, are **DISMISSED in their entirety**; and it is further

**ORDERED**, that the Clerk serve a copy of this Order on all parties.

**IT IS SO ORDERED**.

DATED:	January 13, 2009
	Albany, New York

_____
Lawrence E. Kahn
U.S. District Judge

---

[2] In his application, the Trustee specifically requests the Bankruptcy Court's approval of his "compromise with Asolare with respect to the Trustee netting an immediate $10,000.00 from the sale after realtor's commissions and closing costs with the balance to be held in escrow pending application and approval, if any, of fees and expenses of the Trustee's attorneys. . . ." Bankr. Dkt. No. 747.